**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| YULE HOBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01691-JAR |
| | ) |
| FEDERAL COURTHOUSE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Self-represented Plaintiff Yule Hobson is a frequent filer in this Court. In the present action, he appears to sue the federal government for harassment and the death of his mother. He has neither paid the filing fee nor filed a motion to proceed in forma pauperis. Nevertheless, for the reasons discussed below, the Court will dismiss this action for lack of subject matter jurisdiction.

### The Complaint

Although submitted on the Court's Civil Complaint form, Plaintiff's complaint is indecipherable. In the complaint's caption, where Plaintiff should have listed defendants' names, he instead provides a phone number and writes: "All them involved Federal Jail Harassment Clerk's Office." In the margins surrounding the caption, Plaintiff makes various incoherent statements, including "O Gods see my mother at they kill her Ms. Eulia Hobson hassment [sic] me filed case try kill me." On page two, Plaintiff states, among other things: "Federal Courthouse set Hassment [sic] me? Attach [illegible] Now know, who kill who set the kill my mother[.]"

In the "Statement of Claim" section, Plaintiff reiterates allegations about his mother's death and references "Federal Rule of Civil [Procedure] 1983," presumably intending to cite 42 U.S.C.

§ 1983. The remainder of the complaint consists of disjointed marginalia related to harassment, the death of Plaintiff's mother, and threats against Plaintiff himself. Plaintiff does not assert a basis for subject matter jurisdiction.

## Discussion

Although the complaint is incomprehensible, it is evident that Plaintiff seeks to sue the federal courts or another subdivision of the federal government. Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Courts narrowly construe waivers of sovereign immunity in favor of the sovereign, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)); *see also V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. The existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

There is no indication in the complaint or elsewhere that the federal government has waived its immunity. Accordingly, the defendant—whether the federal government itself or one if its subdivisions—is entitled to sovereign immunity. Because sovereign immunity is jurisdictional in nature, the Court lacks subject matter jurisdiction over this matter. *See Meyer*, 510 U.S. at 475.[1]

## Conclusion

Under Federal Rule 12(h)(3), the Court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Because the defendant in this case is entitled to sovereign

---

[1] Even if Plaintiff could establish subject matter jurisdiction, his complaint defies the "short and plain statement" requirement of Federal Rule 8, which is designed to give defendants fair notice of the claims against them and to ensure that the court has sufficient information to assess the merit of the case. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As explained above, Plaintiff's complaint is incomprehensible.

2

immunity, the Court lacks jurisdiction over this matter. *See Meyer*, 510 U.S. at 475. Consequently, the Court will dismiss Plaintiff's complaint under Federal Rule 12(h)(3).

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is **DENIED** as moot.

Dated this 12th day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE